J. STEPHEN STREET    1573-0
Attorney At Law
134 Maono Place
Honolulu, Hawaii  96821
Telephone No.:    (808) 754-1647
Facsimile No.:     (888) 334-6499
E-mail:      jsstreet@ip-law-hawaii.com

DANE ANDERSON        9349-0
Attorney At Law, LLLC
P.O. Box #1621
Honolulu, Hawaii  96806
Telephone No.:    (808) 285-4760
E-mail:      dane@andersonlawhawaii.com

Attorneys for Plaintiff
PACIFIC STOCK, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC STOCK, INC., a Hawaii Corporation, | )  CIVIL NO. 15-00267 |
| | )  (Copyright Infringement) |
| | ) |
| Plaintiff, | )  COMPLAINT FOR COPYRIGHT |
| | )  INFRINGEMENTS AND DIGITAL |
| vs. | )  MILLENNIUM COPYRIGHT ACT |
| | )  VIOLATIONS; EXHIBIT "A" |
| PPF HAWAII LLC, a Hawaii Limited | ) |
| Liability Company, dba PPF HAWAII | ) |
| and/or HAWAII TOURS and/or | ) |
| HAWAIITOURS.COM and/or ALOHA | ) |
| TOP TEN and/or ALOHATOPTEN.COM | ) |
| and/or WORLD TRAVEL AND TOURS; | ) |
| MILTON RAMSEY, L.L.C., an Arizona | ) |
| Limited Liability Company, dba WORLD | ) |
| TRAVEL AND TOURS; HAWAII | ) |
| TOURS AND ACTIVITIES LLC, a | ) |
| Hawaii Limited Liability Company, dba | ) |

| | |
|---|---|
| HAWAII TOURS; ROBB R. | ) |
| HORLACHER, an individual, aka ROBB | ) |
| HORLACHER; JOHN DOES 1-10; JANE | ) |
| DOES 1-10; DOE CORPORATIONS 1- | ) |
| 10; DOE PARTNERSHIPS 1-10; and | ) |
| DOE ASSOCIATIONS 1-10, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## COMPLAINT FOR COPYRIGHT INFRINGEMENTS
## AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

COMES NOW Plaintiff PACIFIC STOCK, INC., by its attorneys, J. Stephen Street, Attorney at Law, and Dane Anderson, Attorney at Law, LLLC, and for its complaint alleges as follows:

### PARTIES

1.     Plaintiff PACIFIC STOCK, INC. ("Plaintiff") is a corporation registered in the State of Hawaii with its principal place of business in Honolulu, Hawaii.

2.     Upon information and belief, Defendant PPF HAWAII LLC ("PPF") is a limited liability company registered in the State of Hawaii, with its principal place of business in Honolulu, Hawaii, and is doing business as PPF HAWAII and/or is doing business under its registered trade names in the State of Hawaii: HAWAIITOURS.COM; ALOHATOPTEN.COM; and, WORLD TRAVEL AND TOURS.

3.      Upon information and belief, Defendant MILTON RAMSEY, L.L.C. ("MILTON RAMSEY") is a limited liability company, organized in Arizona and registered in the State of Hawaii, doing business in the State of Hawaii, and also doing business as WORLD TRAVEL AND TOURS, with its principal place of business in Mesa, Arizona, and is the sole manager of PPF.

4.      Upon information and belief, HAWAII TOURS AND ACTIVITIES LLC ("HTA") is a limited liability company registered in the State of Hawaii, with its principal place of business in Honolulu, Hawaii, and is doing business as HAWAII TOURS.

5.      Upon information and belief, Defendant ROBB R. HORLACHER, an individual, aka ROBB HORLACHER ("HORLACHER"), is a natural person residing in the State of Montana and is the sole manager and majority member of MILTON RAMSEY.

6.      JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10 are named herein under fictitious names for the reason that, after investigation of the facts of this action, said Defendants' true names and identities are presently unknown to Plaintiff, except, upon information and belief, that they are connected in some manner with PFF, MILTON RAMSEY, HTA, and/or HORLACHER (collectively referred to as "Defendants") and/or were the

agents, servants, employees, employers, representatives, co-venturers, associates, successors or assignees of the named Defendants who may be under a duty, contractually or otherwise, to pay Plaintiff compensation for loss incurred by the actions or omissions of the named Defendants and/or were in some manner related to the named Defendants and that their "true names, identities, capacity, activities and/or responsibilities" are presently unknown to Plaintiff or its attorneys.  To ascertain the full names and identities of JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10, Plaintiff's counsel have investigated the facts alleged herein through *inter alia*, interview of Plaintiff and inspection of the records in this matter.  When the true names and capacities are ascertained, through appropriate discovery, Plaintiff shall move to amend this action to state the true names.

## JURISDICTION AND VENUE

7.     This is an action for preliminary and permanent injunctive relief and damages arising from Defendants' copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. and violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

8.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

9.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400.

## FACTUAL ALLEGATIONS

10.     Defendants are, or at all times relevant were, doing business in the State of Hawaii as a tour company under the business or trade names PPF HAWAII and/or HAWAII TOURS and/or HAWAIITOURS.COM and/or ALOHA TOP TEN and/or ALOHATOPTEN.COM and/or WORLD TRAVEL AND TOURS.  Upon information and belief, all of Defendants' said business or trade names were/are being used for the same tour operations business.

11.     Defendants manage and control a commercial website at http://www.hawaiitours.com, under the business name HAWAII TOURS, where customers can view information on Defendants' travel services, tours and activities offered, and purchase online reservations of those services, tours and activities.

12.     At all times relevant herein, Defendants managed and controlled a commercial website at http://worldtravelandtours.com/, under the business name WORLD TRAVEL AND TOURS, to provide and maintain reservation booking systems and to process online payments for products and services purchased through Defendants' commercial websites at http://www.hawaiitours.com and http://www.alohatopten.com, described in paragraphs 11 and 13.  When customers booked Defendants' products or services

available on those commercial websites, customers were automatically re-routed to Defendants' worldtravelandtours.com domain to enter customer information, payment information, and complete online bookings of selected products or services.

13.    At all times relevant herein, Defendants managed and controlled a commercial website at http://www.alohatopten.com, under the business name ALOHA TOP TEN, where customers could view information on Defendants' travel services, tours and activities offered, and purchase online reservations of those services, tours, and activities.

14.    At all times relevant herein, Defendants managed and controlled, a commercial website at http://www.ppfhawaii.com, under the business name PPF HAWAII, where customers could view information on Defendants' travel services, tours and activities offered and Defendants' contact information to purchase Defendants' products or services offered.

15.    The photographic works at issue in this case are original works entitled to copyright protection pursuant to the copyright laws of the United States, and the photographic works at issue are duly registered with the United States Copyright Office.

16.    There are two (2) photographic works at issue in this case, which were created by two photographers, who have assigned by written

assignment ownership of rights, title, and interest in the copyrights to their

respective photographic work at issue to Plaintiff.

17.     The title, copyright registration number issued by the United

States Copyright Office, and photographer for each photographic work at issue is

as follows:

| Image No. | Registration No. | Photographer |
|---|---|---|
| 10011-50108-78 | VA 1-249-923 | Doug Perrine |
| 10022-03104-37 | VA 1-321-491 | Joe Carini |

18.     Plaintiff has a continuing interest in the licensing of the

photographic works in its collection and in the enforcement of its copyrights, and

Plaintiff incurred substantial time and expense in marketing the licensing of the

photographic works at issue for commercial and other uses.  Each of the

photographers invested substantial time and expense in creating their respective

photographic work at issue.

19.     In mid-2014, Plaintiff learned that Defendants were using the

two (2) photographic works at issue on their commercial website, described in

paragraph 11, with the images files at their commercial website described in

paragraph 12, as follows:

Image **"10011-50108-78"** was digitally reversed and being used at least one (1)

time at:

*Page URL:*

http://hawaiitours.com/sunset-sail-and-luau-combo.bbgc-06.tour
*Image URL:*
http://worldtravelandtours.com/images/BBGC/06/bbgc-06b.jpg

Image **"10022-03104-37"** was being used at least one (1) time at:

*Page URL:*
http://hawaiitours.com/molokai-deluxe-tour-60-65-minute-flight.mshh
    -04.tour
*Image URL:*
http://worldtravelandtours.com/images/MSHH/04/mshh-04c.jpg

These photographic works at issue were used by Defendants without obtaining licenses or consent from Plaintiff, thus violating the exclusive rights of Plaintiff as copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 *et seq*.  Defendants' digital reversal of **"10011-50108-78"** for Defendants' commercial use of that work, knowing Defendants did not own or license that work, demonstrates willful copyright infringement.  True and correct copies of these photographic works at issue registered with the United States Copyright Office alongside screenshots of Defendants' infringing uses of these photographic works at issue are attached hereto as Exhibit "A."

20.    Where Plaintiff's copyrighted works are legitimately available for licensing, they are associated with copyright management information.  Upon information and belief, Defendants intentionally removed copyright management information from association with the photographic works at issue for their commercial uses of those photographic works by publishing or displaying copies

of those photographic works knowing that the copyright management information had been removed without the authority of Plaintiff or the law, because all of the uses of the photographic works at issue contained copies of those photographic works in high resolution without Plaintiff's copyright management information.

21.    By letter of June 6, 2014, Plaintiff gave notice to HORLACHER and PPF of the copyright infringements described in paragraph 19, and attempted to resolve the claims by requesting that Defendants pay a retroactive licensing fee for their uses of those photographic works and that they cease and desist immediately.

22.    MILTON RAMSEY is vicariously liable, if not directly liable, jointly, severally or in the alternative, for Defendants' copyright infringements and removal or alteration of copyright management information associated with the photographic works at issue because MILTON RAMSEY, as the sole manager and member of PPF, enjoys a direct financial benefit from, and has the right and ability to supervise or control, the infringing activity and the removal or alteration of copyright management information as described herein.

23.    HORLACHER is vicariously liable, if not directly liable, jointly, severally or in the alternative, for Defendants' copyright infringements and removal or alteration of copyright management information associated with the photographic works at issue because HORLACHER, as the sole manager and a

member of MILTON RAMSEY, enjoys a direct financial benefit from, and has the right and ability to supervise or control, the infringing activity and the removal or alteration of copyright management information associated with the photographic works as described herein.  HORLACHER is the registrant, administrator, and technical person for the ppfhawaii.com domain.

24.     Following the letter described paragraph 21, Defendants' Hawaii Tours commercial website, at hawaiitours.com, described in paragraph 11, is now a commercial website for HTA, a recently organized limited liability company, doing business as Hawaii Tours.  Defendants' worldtravelandtours.com domain and commercial website, described in paragraph 12, as a website to maintain reservations and process online payments at Defendants' hawaiitours.com and alohatopten.com commercial websites, has been disabled.  Defendants' alohatopten.com commercial website, described in paragraph 13, has been disabled and instead now automatically routes to the hawaiitours.com commercial website for HTA.  Defendants' ppfhawaii.com commercial website, described in paragraph 14, has been disabled and instead automatically routes to a new domain but similar appearing commercial website at http://hawaiigrouptours.com/, registered and administered by HORLACHER personally, under the business named Hawaii Group Tours.

25.     Upon information and belief, HTA is the successor in interest to PFF's, MILTON RAMSEY's, and/or HORLACHER's tour business.  The transfer of the hawaiitours.com commercial website and the re-routing of the alohatopten.com commercial website to HTA to continue the tour business under the same "Hawaii Tours" name shows that the transfer of the business operations and/or assets to HTA was done for the purpose of continuing the Hawaii Tours business at hawaiitours.com.  HTA is a recently formed limited liability company that has a sole member who, upon information and belief, was an employee of PPF and sales manager for Hawaii Tours.  Although HTA registered to do business in Hawaii in February 2015, HTA's hawaiitours.com commercial website states that it has been "Serving Hawaii Visitors since 1998," demonstrating the continuation of PFF's, MILTON RAMSEY's, and/or HORLACHER's tour business by HTA.

26.     Plaintiff and Defendants were unable to resolve this matter; thus necessitating legal action.

## FIRST CAUSE OF ACTION:
## COPYRIGHT INFRINGEMENTS

27.     Plaintiff restates and realleges each of the allegations contained in paragraphs 1-26 as if fully stated herein.

28.     Plaintiff has rights, title, and interest in the copyrights to the photographic works at issue as holder of the copyrights, the uses of which have not been licensed to Defendants.

29.     Defendants have misappropriated two (2) of Plaintiff's copyrighted photographic works with knowledge that these photographic works at issue did and do not belong to Defendants, and Defendants made no attempt to obtain permission or license; Defendants thereby engaged in unauthorized use, copying, distribution, and/or display of Plaintiff's copyrighted photographic works on their commercial websites.  Defendants' digital reversal of one of Plaintiff's photographic works for Defendants' reversed use of that work, knowing Defendants did not own or license that work, demonstrates willful copyright infringement.  Defendants' acts constitute copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* for which they are directly, contributorily and/or vicariously liable.

30.     Defendants' unlawful acts have interfered with and undermined Plaintiff's ability to license Plaintiff's own original photographic works, thereby impairing the value and prejudicing the sale or license by Plaintiff of its own photographic works.

31.     Because Defendants used Plaintiff's copyrighted photographic works without license, infringing the exclusive rights of Plaintiff as the copyright owner, Plaintiff is entitled to have the infringing publications and any improperly acquired likenesses or images (however stored or recorded) impounded while this action is pending.

32.    As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages.

33.    Plaintiff is entitled to recover from Defendants the damages it has sustained as a result of these wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of copyright infringement.

34.    Plaintiff is further entitled to recover from Defendants any gains, profits, or advantages Defendants have obtained as a result of their wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have realized by their acts of copyright infringement.

35.    Plaintiff is entitled to elect to recover from Defendants statutory damages for each of their infringements of Plaintiff's copyrights.

36.    Plaintiff is further entitled to costs and reasonable attorneys' fees.

### SECOND CAUSE OF ACTION:
### DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

37.    Plaintiff restates and realleges each of the allegations contained in paragraphs 1-36 as if fully stated herein.

38.    Defendants have intentionally removed or altered copyright management information from association with Plaintiff's two (2) photographic

works at issue for their said uses without the authority of Plaintiff or the law,

knowing, or having reasonable grounds to know, that the removal or alteration

would induce, enable, facilitate, or conceal infringement of copyright.

39. Defendants' acts constitute violations under the Digital

Millennium Copyright Act, 17 U.S.C. § 1202.

40. Plaintiff is entitled to a preliminary and permanent injunction to

prevent Defendants from engaging in further violations of 17 U.S.C. § 1202.

41. Plaintiff is entitled to recover from Defendants the actual

damages suffered by Plaintiff and any profits Defendants have obtained as a result

of their wrongful acts that are not taken into account in computing the actual

damages. Plaintiff is currently unable to ascertain the full extent of the profits

Defendants have realized by their violations of 17 U.S.C. § 1202.

42. Plaintiff is entitled to elect to recover from Defendants statutory

damages for each of their violations of 17 U.S.C. § 1202.

43. Plaintiff is further entitled to costs and reasonable attorneys'

fees.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff PACIFIC STOCK, INC. prays:

A.      That this Court enter an injunction preliminarily and permanently enjoining and restraining Defendants and their directors, officers, managers, members, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants from infringing Plaintiff's copyrighted photographic works and from further violating 17 U.S.C. § 1202;

B.      That the Court order any original infringing photographs, prints, separations, publications, copies, products, or materials bearing Plaintiff's photographic works, digital data in any form and/or likenesses impounded and/or destroyed or disposed of in other reasonable fashion;

C.      That Defendants be required to pay such damages as Plaintiff has sustained and any profits Defendants have gained in consequence of Defendants' unlawful acts or, in the alternative, to pay statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c);

D.      That Defendants be required to pay costs, including reasonable attorneys' fees, to Plaintiff pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b); and,

E.      That Plaintiff be granted such other and further relief as the Court may deem just and proper.

DATED:  Honolulu, Hawaii, July 14, 2015.

/s/ J. Stephen Street
J. STEPHEN STREET
DANE ANDERSON
Attorneys for Plaintiff
PACIFIC STOCK, INC.